UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REYNALDO ALFONSO,<br><br>  Plaintiff,<br><br>  v.<br><br>NATIONAL RAILROAD PASSENGER CORPORATION, D/B/A AMTRAK,<br><br>  Defendant. | Case No.: 1:15-cv-001891 --- JLT<br><br>ORDER GRANTING MOTION OF PLAINTIFF'S COUNSEL TO WITHDRAW AS ATTORNEY OF RECORD (Docs. 10,11)<br><br>ORDER DIRECTING CLERK TO UPDATE DOCKET AND SERVE PLAINTIFF<br><br>ORDER SETTING STATUS CONFERENCE RE: CONSENT/MANDATORY SCHEDULING CONFERENCE |

Kevin Lawless and his firm, Childers & Associates, seek to withdraw as counsel for Plaintiff. (Docs. 10, 11)  The Court held a hearing on March 31, 2016, the motion was not opposed by any party and Plaintiff did not appear at the hearing.[1]  For the reasons set forth below, the motion to withdraw as attorney of record is **GRANTED**.

I.   **Background**

Defendants initiated this action in this Court by filing its notice of removal from the Kern County Superior Court on December 18, 2015.  (Doc. 1)  In this action, Plaintiff claims that, while

---

[1] Mr. Alfonso contacted the Clerk of the Court on March 30, 2016 and confirmed that he would appear via CourtCall. In addition, CourtCall confirmed that it expected Mr. Alfonso to appear via telephone but he failed to call into the service for the hearing.

1

traveling on Amtrak with his service dog, Amtrak employees pushed and pulled him off the train. Id. at 6. As a result, he fell and, in doing so, suffered a grand mal seizure. Id. In this action, Plaintiff raises various claims including negligence, battery, assault, and violations of California's Disabled Persons Act and the Unruh Act among other claims.

In this motion, Plaintiff's attorneys report that due to an "event" which occurred in their offices on January 8, 2016, that a breakdown of the attorney-client relationship and safety and prudence, requires the attorney to withdraw. (Doc. 11 at 4)[2] In addition, Mr. Lawless reports that before this "event," counsel had informed Plaintiff that he could not represent him in federal court. Id.

On January 8, 2016, Mr. Lawless notified Plaintiff that he would no longer represent him. (Doc. 11 at 7) He followed this with a letter sent certified mail to Plaintiff telling him of his need to obtain replacement counsel and provided him a list of attorneys in San Francisco and Bakersfield. Id. Next, on February 9, 2016, Mr. Lawless spoke to Plaintiff to ensure he received the letter and Plaintiff verified that he had done so. Id. Plaintiff reported that he was going to be meeting with attorneys that week and reported that his brother, Tony, would pick up his file. Id. Indeed, on February 10, 2016, Mr. Tony Alfonso appeared at Mr. Lawless' office and obtained the file. Id.

Nevertheless, when Mr. Lawless contacted Plaintiff on February 16, 2016, Plaintiff still had not retained new counsel. (Doc. 11 at 7) Though Mr. Lawless served this motion to Plaintiff at his last known address, Plaintiff has not responded to the motion in any fashion and did not appear at the hearing.

**II.   Legal Standards for Withdrawal of Counsel**

Withdrawal of counsel is governed by the Rules of Professional Conduct of the State Bar of California and the Local Rules of the United States District Court, Eastern District of California. *See* LR 182. Withdrawal is permitted under the Rules of Professional Conduct if a client "renders it unreasonably difficult for the member to carry our employment effectively." Cal. R.P.C. 3-700(C)(1)(d). Local Rule 182(d) provides:

> Unless otherwise provided herein, an attorney who has appeared may not withdraw

---

[2] The Court cites only to Doc. 11 because the document filed at Doc. 10 is identical, except that Doc 10 omits the proof of service attached to Doc. 11.

2

> leaving the client <u>in propria persona</u> without leave of court upon noticed motion and notice to the client and all other parties who have appeared. The attorney shall provide an affidavit stating the current or last known address or addresses of the client and the efforts made to notify the client of the motion to withdraw.

*Id.* Likewise, California's Rules require the moving attorney to serve notice of motion and the declaration and other parties who have appeared in the case. CRC 3.1362(d).

The decision to grant withdrawal is within the discretion of the Court, and withdrawal "may be granted subject to such appropriate conditions as the Court deems fit." LR 182; *see Canandaigua Wine Co., Inc. v. Moldauer*, 2009 WL 989141, at *1 (E.D. Cal. Jan. 13, 2009) ("The decision to grant or deny counsel's motion to withdraw is committed to the discretion of the trial court."). Factors the Court may consider include: (1) the reasons for withdrawal, (2) prejudice that may be caused to the other litigants, (3) harm caused to the administration of justice; and (4) delay to the resolution of the case caused by withdrawal. *Canandaigua Wine Co.*, 2009 WL 989141, at *1-2

**III.   Discussion and Analysis**

Mr. Lawless' declaration demonstrates that the attorney-client relationship has broken down such that he has no option but to withdraw. (Doc. 11 at 4) Moreover, Mr. Lawless told Plaintiff—before the event (which makes Mr. Lawless believe that withdraw is the "safe and prudent" thing to do) that he could not represent him in federal court. <u>Id</u>. at 6. Mr. Lawless has made significant efforts to assist Plaintiff to obtain new counsel and has followed-up to ensure that this occurred--though it has not. <u>Id</u>. at 7. However, Plaintiff has been in possession of his file since mid-February 2016. <u>Id</u>.

Counsel served the motion to withdraw on Plaintiff to his last known address as required by the California Rules. (Doc. 11 at 7; Doc. 11-1 at 1-2) No party has filed an opposition or a statement of non-opposition to the motion to withdrawal, and it does not appear Plaintiff would suffer prejudice as a result of the withdrawal. Given that the case has not yet been scheduled and there are no discovery or other deadlines in place, it appears any delay caused by the withdrawal would be minimal, and there is little risk of harm to the administration of justice.

**IV.   Conclusion and Order**

Mr. Lawless followed the procedural and substantive requirements set forth in the California Rules of Professional Conduct and the Local Rules in filing the motion to withdraw as counsel, and set

forth sufficient reasons for the withdrawal.  Therefore, the Court is acting within its discretion to grant the motion to withdraw.  *See* LR 182.  Accordingly, **IT IS HEREBY ORDERED**:

    1.    The motion to withdraw (Doc. 45) is **GRANTED**;

    2.    The Clerk's Office **SHALL TERMINATE** Kevin Lawless and the law firm of Childers and Associates as counsel of record for Plaintiff on the Court docket, and update the docket to reflect Plaintiff's self-represented status and his last known address as follows:

> Reynaldo Alfonso
> 1750 McAllister Street, Apt. 1008
> San Francisco, CA 94115

    3.    The status conference re: consent/mandatory scheduling conference is set on **May 5, 2016 at 9:30 a.m**.  The parties are reminded of their obligation to confer at least 20 days before the conference and to file their joint scheduling conference statement no later than **April 28, 2016.** (Doc. 2 at 2);

    4.    Plaintiff SHALL file his consent or decline to magistrate judge jurisdiction **no later than April 11, 2016**.

**Plaintiff is advised that his failure to comply with any order of the Court may result in the action being dismissed.**

IT IS SO ORDERED.

Dated:   **March 31, 2016**            **/s/ Jennifer L. Thurston**
                                       UNITED STATES MAGISTRATE JUDGE